UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| SHERI KILLION, individually and as assignee of Lubbock National Bank, a branch of Amarillo National Bank,<br><br>    Plaintiff,<br><br>v.<br><br>TRUIST BANK, et al.,<br><br>    Defendants. | No. 5:24-CV-194-H |

## MEMORANDUM OPINION AND ORDER

    This case arises from an incident of alleged wire fraud. The plaintiff, Sheri Killion, alleges that Truist Bank or a John Doe hacker, or both, fraudulently hacked into her wealth advisor's email account, causing the plaintiff to wire $300,000 from her personal bank account to the hacker's account instead of to another one of the plaintiff's accounts. The plaintiff brings claims against Truist on her own behalf and as an assignee of Lubbock National Bank, which is also a defendant. Lubbock National Bank assigned its claims to the plaintiff, in exchange for which the plaintiff indemnified Lubbock National Bank.

    Truist Bank removed the case to this Court based on diversity jurisdiction, arguing that the plaintiff improperly joined Lubbock National Bank. The plaintiff moved to remand (Dkt. No. 6), asserting that joinder is not improper and that Truist Bank's removal is untimely. The plaintiff also moved for attorney's fees incurred as a result of the motion to remand (Dkt. No. 9), and Truist Bank moved to strike a sur-sur-reply to the motion to remand filed by the plaintiff (Dkt. No. 15). The Court denies the motion to remand and the motion for attorney's fees and denies as moot the motion to strike.

1. **Factual and Procedural Background**

    A. **Factual Background**

The Court takes the pertinent factual allegations from the complaint as true, as it must at this procedural stage. *See Villareal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). Sheri Killion emailed her personal wealth advisor asking for instructions to wire $300,000 from her personal account to her Morgan Stanley account. Dkt. No. 1-13 at 3. But unbeknownst to the plaintiff, Truist Bank or a John Doe hacker, or both, had hacked her advisor's email account and emailed to the plaintiff fraudulent wire-transfer instructions. *Id.* That email instructed the plaintiff to wire funds to her Morgan Stanley account, but the account number listed in the instructions was actually the hacker's Truist Bank account number. *Id.* The plaintiff took these instructions to a branch of Lubbock National Bank, where she signed off on a $300,000 wire from her personal account to the fraudulent "Morgan Stanley" account that was, in reality, the hacker's Truist Bank account. *Id.* at 3–4.

The next day, the plaintiff emailed her advisor to confirm receipt of the wire, but Truist Bank or the hacker intercepted and responded to that email as well. *Id.* at 4–5. Over a week later, Morgan Stanley informed Lubbock National Bank that it had detected a fraudulent wire transfer from the plaintiff's account. *Id.* at 5. However, Lubbock National Bank refused to inspect or recall the wire. *Id.* Instead, Lubbock National Bank placed a notice on the plaintiff's account, but did not inform the plaintiff of that notice until about two months later. *Id.* Truist Bank refuses to identify the person or entity that owns the hacker's account. *Id.* Although Truist Bank has returned $1,093.41 to the plaintiff's Lubbock National Bank account, it has not returned the remaining $298,906.59. *Id.*

### B. Procedural Background

The plaintiff sued Truist Bank and Lubbock National Bank in February 2024, bringing claims for violation of the Texas Uniform Commercial Code and the federal Bank Secrecy Act, as well as claims for negligence, negligence per se, and gross negligence. *See* Dkt. No. 1-3 at 4–7. Truist Bank removed the action in April 2024, citing diversity jurisdiction as the basis for removal. *See* No. 5:24-CV-091-C, Dkt. No. 1. However, after the plaintiff moved to remand, pointing out that Texas citizens—the plaintiff Sheri Killion and the defendant Lubbock National Bank—were on both sides of the dispute, Truist Bank consented to remand. *See* No. 5:24-CV-091-C, Dkt. No. 5. The Court remanded the case in May 2024. *See* No. 5:24-CV-091-C, Dkt. No. 6. The plaintiff later amended her complaint to drop the Bank Secrecy Act claim and add several common-law claims and a claim for violation of the federal Electronic Funds Transfers Act. *See* Dkt. No. 1-11 at 4–9.

Then, in July 2024, the plaintiff settled her claims against Lubbock National Bank. The plaintiff and Lubbock National Bank entered into a "Settlement and Indemnity Agreement" (the Agreement) in which Lubbock National Bank assigned all of its potential claims related to this transaction to the plaintiff. Dkt. No. 7 at 56. In exchange, the plaintiff agreed to pursue claims against only Truist Bank and to indemnify Lubbock National Bank. *Id.* The plaintiff filed a second amended petition on July 29, 2024, including allegations regarding Lubbock National Bank's assignment of claims to the plaintiff and adding an additional state-law claim. *See* Dkt. No. 1-13. Truist Bank filed the instant removal on August 21, 2024. Dkt. No. 1.

Truist Bank's second removal is also based on diversity jurisdiction. *Id.* This time, however, Truist Bank argues that the diversity-destroying defendant, Lubbock National

Bank, is improperly joined. *Id.* The plaintiff moved to remand, arguing that Truist Bank's notice of removal was untimely. Dkt. No. 6. Truist Bank responded (Dkt. No. 8) and the plaintiff replied (Dkt. No. 9). The plaintiff's reply also included a motion for attorney's fees. Dkt. No. 9 at 8–9. Truist Bank sought leave to file a sur-reply, arguing that the plaintiff's reply included a new motion for attorney's fees to which Truist Bank should be permitted to respond, as well as new arguments in favor of remand. Dkt. No. 10. The Court permitted a sur-reply (Dkt. No. 11), and Truist Bank filed a sur-reply (Dkt. No. 12). The plaintiff then filed a sur-sur-reply to Truist Bank's sur-reply (Dkt. No. 13), which Truist Bank moved to strike (Dkt. No. 15). The motion to remand and motion to strike are both ripe for review.

2. **Legal Standards**

   A. **Motion to Remand**

   Defendants in state court may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A defendant may remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The Court must remand the action if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

   B. **Improper-Joinder Doctrine**

   Ordinarily, removal on the basis of diversity jurisdiction requires complete diversity—no plaintiffs or defendants that are citizens of the same state—but if a plaintiff has improperly joined a nondiverse defendant, a court can disregard the citizenship of that defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc). Removing

parties claiming improper joinder bear a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 647.

The standard under the second prong—the one at issue in this case—is whether there is a "reasonable basis for the district court to predict that the plaintiff might be able to recover against a[] [nondiverse] defendant." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In most cases, courts conduct a 12(b)(6)-style analysis to determine whether a plaintiff has a reasonable basis to recover against a nondiverse defendant. *Id*. The federal pleading standard, as articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), applies in this analysis. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). Therefore, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In a 12(b)(6)-style analysis, all factual allegations are viewed in the light most favorable to the plaintiff, and any factual issues are resolved in the plaintiff's favor. *Travis*, 326 F.3d at 648. The motive or purpose of the joinder is not relevant to this analysis. *Smallwood*, 385 F.3d at 574. Finally, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

When determining whether a plaintiff has a reasonable basis to recover against a nondiverse defendant, a court, at its discretion, may go beyond a 12(b)(6)-style analysis by piercing the pleadings and conducting a summary inquiry into the claim. *Smallwood*, 385

F.3d at 573.  This inquiry must be limited—seeking only to identify the presence of "discrete and undisputed facts that would preclude plaintiff's recovery against the [nondiverse] defendant." *Id.* at 573–74.  When a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice.  *Int'l Energy Ventures*, 818 F.3d at 209.

3. **Analysis**

   A. **The Court determines that Truist Bank's instant removal was timely.**

   i. **The Court construes the Notice of Removal as raising Section 1446(b)(3) as a basis for removal.**

A notice of removal must contain "a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  Truist Bank's Notice of Removal states a basis for removal that confuses and combines the rules for removal under 28 U.S.C. § 1446(b)(3) and the judicially created "revival exception."  Removal under 28 U.S.C. § 1446(b)(3) is appropriate where a case is not initially removable, but the defendant removes the case within 30 days of receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  The "judicially[] created revival exception" restores "a lapsed right to remove an initially removable case within thirty days . . . when the complaint is amended so substantially as to alter the character of the action and constitute an essentially new lawsuit."  *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000).

Truist Bank combines these two bases, stating that "[t]he 'revival exception' . . . 'allows a party to file a notice of removal within 30 days of receipt of an amended pleading" or other paper from which a defendant can first ascertain removability, and that "[t]he revival exception applies when an amended petition re-aligns the parties and asserts new

claims." Dkt. No. 1 at 2 (quoting *Vasquez v. Allstate Fire & Cas. Ins. Co.*, No. 5:20-CV-1300, 2021 WL 2115275, at *2 (W.D. Tex. May 24, 2021)). The first statement recites the basis for removal provided in 28 U.S.C. § 1446(b)(3), while the second statement corresponds to the revival exception.

The plaintiff argues that Truist Bank has "waived any argument under Section 1446(b)(3)" because Truist Bank did not directly quote 28 U.S.C. § 1446(b)(3) in its Notice of Removal and confused that rule with the revival exception. Dkt. No. 9 at 4; *see also* Dkt. No. 6 at 7. Truist Bank instead quoted a case that also described 28 U.S.C. § 1446(b)(3) as the revival exception. *See* Dkt. No. 1 at 2 (quoting *Vasquez*, 2021 WL 2115275, at *2).

The Court rejects the plaintiff's argument. Under 28 U.S.C. § 1446(a), a "short and plain statement of the grounds for removal" in the notice of removal is sufficient. In general, a "short and plain statement" requires that the pleader give "fair notice of what the claim is and the grounds upon which it rests." *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010) (cleaned up) (quoting *Twombly*, 550 U.S. at 555).

While other district courts have not permitted defendants to "remove on grounds not even obliquely referred to in the Notice of Removal," that situation is not presented here. *DeLong v. car2go NA, LLC*, No. 1:19-CV-232, 2019 WL 3423442, at *1–2 (W.D. Tex. July 30, 2019) (quoting *Superior Home Health Servs., LLC v. Phila. Indem. Ins. Co.*, 2:17-CV-52, 2018 WL 1876288, at *3 (W.D. Tex. Feb. 14, 2018)). Truist Bank cited the substance of 28 U.S.C. § 1446(b)(3) as its basis for removal, quoting from a case that itself cited 28 U.S.C. § 1446(b)(3) but called that provision the "revival exception." *See Vasquez*, 2021 WL 2115275, at *2. The Notice of Removal goes on to argue that removal is timely because Truist Bank first ascertained that Lubbock National Bank is improperly joined following

service of the second amended petition and removed within 30 days of service of that petition. *See* Dkt. No. 1 at 2–4. The Court therefore determines that it can consider Truist Bank's arguments in favor of removal made pursuant to 28 U.S.C. § 1446(b)(3). *See Wampler*, 597 F.3d at 744.

### ii. The Court determines that the original petition was not removable.

Removal under 28 U.S.C. § 1446(b)(3) is proper only "if the case stated by the initial pleading is not removable." The plaintiff argues that removal based on the second amended petition is improper because the original petition was removable on federal-question grounds. *See* Dkt. No. 6 at 8. Specifically, the original petition alleged a claim for violation of regulations promulgated under the Bank Secrecy Act, a federal law, which the plaintiff argues would have supported federal-question jurisdiction. *Id.*

The Bank Secrecy Act claim asserted in the original petition would not have supported federal-question jurisdiction. A civil action is removable when "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a). As relevant here, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. If a federal statute does not create any private cause of action, then the district court lacks federal-question jurisdiction. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006); *see also Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022) ("If the plaintiff brings a claim under a federal statute that does not authorize a private right of action, the statute will not support jurisdiction under § 1331."); *Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO v. Ward*, 563 F.3d 276, 281 (7th Cir. 2009) ("[W]hen the basis of the action is a federal statute, a federal cause of action must exist as well for a federal court to hear a given claim."); *Williams v.*

*United Airlines, Inc.*, 500 F.3d 1019, 1022 (9th Cir. 2007) ("[28 U.S.C. § 1331] is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court.").

Here, "the Bank Secrecy Act does not create a private right of action." *AmSouth Bank v. Dale*, 386 F.3d 763, 777 (6th Cir. 2004); *see also James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 106 (3d Cir. 2006) ("[T]he Bank Secrecy Act . . . does not authorize a private cause of action against a financial institution or its employees."); *Hunter v. Navy Fed. Credit Union*, No. 3:24-CV-788, 2024 WL 3094610, at *5 (N.D. Tex. June 20, 2024) ("There is no private right of action under the Bank Secrecy Act."). Instead, the statute (31 U.S.C. § 5318) and the related regulation under which the plaintiff sued (31 C.F.R. § 1020.220) impose various requirements on banks and gives the Secretary of the Treasury the ability to enforce those requirements. Because the Bank Secrecy Act does not create a private cause of action, the Bank Secrecy Act claim asserted in the plaintiff's original petition did not create a basis for removal. Thus, the Court determines that the original petition was not removable.

      **iii.**    **The Court declines to consider the plaintiff's argument, raised for the first time in reply, that the first amended petition was removable.**

In the plaintiff's motion to remand, the plaintiff's only argument as to why 28 U.S.C. § 1446(b)(3) did not support remand was that the action was previously removable due to the original petition's claim under the federal Bank Secrecy Act. Dkt. No. 6 at 8. But after Truist Bank responded, arguing that there is no private cause of action under the Bank Secrecy Act, the plaintiff raised a new argument as to why the case was removable before the second amended petition: the first amended petition contained a federal claim under the

Electronic Funds Transfer Act. Dkt. No. 9 at 2–3. Thus, the plaintiff argues, even if the original petition was not removable, Truist Bank failed to timely remove the first amended petition. *Id.*

"Arguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *see also Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 626 (N.D. Tex. 2022) (same). When a party raises a new argument "for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (citing *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 296 (5th Cir. 2022)). Whether to permit a sur-reply "lies within the district court's discretion." *Id.* But the general rule is that courts should not rely on new arguments "raised for the first time in a reply brief" and should only "on occasion" consider such arguments in conjunction with a sur-reply. *RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr. - DTD 2/8/95*, 836 F. App'x 232, 235 (5th Cir. 2020).

In addition, the "[t]imeliness of removal is a procedural rather than a jurisdictional issue and, accordingly, may be waived by an untimely objection." *Edge Petroleum Operating Co. v. GPR Holdings, LLC* (*In re TXNB Internal Case*), 483 F.3d 292, 299 (5th Cir. 2007); *see also Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992). Thus, the plaintiff's argument regarding the timeliness of Truist Bank's removal is a procedural, not jurisdictional, argument and accordingly was waivable.

The plaintiff's argument that Truist Bank could have, but failed to, remove the first amended petition is a new argument not raised in Truist's motion to remand. The motion to remand argued that the second amended petition was not the first removable pleading

because the original petition was removable—it made no arguments regarding whether the first amended petition was removable. *See generally* Dkt. No. 6. Moreover, even if the plaintiff's argument regarding the first amended petition could be considered as an alternative basis for her original argument—that is, a different reason why the plaintiff's argument that the action was previously removable should succeed—an "alternative argument" raised for the first time in reply likewise raises "new issues in a reply brief" that a court properly disregards. *United States ex rel McLain v. Fluor Enters., Inc.*, 681 F. App'x 355, 360 n.4 (5th Cir. 2017) (quoting *Stephens v. C.I.T. Grp./Equip. Fin., Inc.*, 955 F.2d 1023, 1026 (5th Cir. 1992)).

In light of the strong preference to disregard arguments raised for the first time in a reply brief, the Court disregards the plaintiff's procedural argument that Truist Bank's instant removal is untimely because the first amended petition was removable. The Court accordingly disregards the arguments in Truist Bank's sur-reply that do not respond to the plaintiff's motion for attorney's fees.

*     *     *

In sum, the Court concludes that the plaintiff's argument that the original petition was removable fails because the Bank Secrecy Act does not create a private right of action. The Court disregards the plaintiff's argument made in reply that the first amended petition was removable. Because Truist Bank removed the action within 30 days of service of the second amended petition, the Court turns to determining whether that petition is removable on diversity grounds because Lubbock National Bank is improperly joined.

**B.    Lubbock National Bank is improperly joined, and the Court determines that it therefore has diversity jurisdiction over the action.**

A party is improperly joined when there is no "reasonable basis for the district court to predict that the plaintiff might be able to recover against [the non-diverse] defendant." *Smallwood*, 385 F.3d at 573.  Typically, determining whether there is a basis for recovery entails a 12(b)(6)-style analysis.  *Id.*  But there are circumstances in which a plaintiff may have "stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."  *Id.*  "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."  *Id.* (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)).  A district court can properly consider evidence such as insurance contracts or employment manuals when conducting this summary inquiry.  *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1047 & n.26 (5th Cir. 2021).

Here, the plaintiff attached the Settlement and Indemnity Agreement between the plaintiff and Lubbock National Bank to her motion to remand.  *See* Dkt. No. 7 at 56–62.  The Agreement states in relevant part:

> In consideration of the assignments [of claims from Lubbock National Bank to the plaintiff] called for herein, "the Killions" agree to pursue all claims solely against Truist Bank and indemnify [Lubbock National Bank] from all claims. Indemnified are all past, present, and future . . . persons for whom [Lubbock National Bank] could be legally liable who were or might have been named in any complaint.  This indemnity includes all demands, actions, claims, or rights to compensation which any remaining party to the lawsuit now has, or which may hereafter accrue as a result of any alleged act or omissions.  This shall be a fully binding and complete indemnity in favor of [Lubbock National Bank] by the Killions for any liability or verdict arising out of the lawsuit described above, including but not limited to any award for attorney's fees and costs.

*Id.* at 56.

"Under Texas law, . . . indemnity agreements are contracts, and the general rules of contract interpretation apply."  *Travelers Lloyds Ins. Co. v. Pac. Emps. Ins. Co.*, 602 F.3d 677,

681 (5th Cir. 2010) (citing *Nat'l Union Fire Ins. Co. v. Crocker*, 246 S.W.3d 603, 606 (Tex. 2008)). The same goes for settlement agreements. *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990). A court should enforce a contract "according to its plain meaning" where the terms of the contract are unambiguous. *Id.* Whether a contract is ambiguous—and the interpretation of unambiguous provisions—are issues of law for a court to decide. *See Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968).

Here, the Agreement states that the plaintiff will pursue claims only against Truist Bank and that, to the extent Lubbock National Bank incurs any liability arising from the instant action, the plaintiff will indemnify Lubbock National Bank from all claims and costs. Dkt. No. 7 at 56. Thus, the plaintiff agreed that she would not pursue any claims relating to the transaction at issue against Lubbock National Bank and that she would indemnify Lubbock National Bank for all liability—including, by implication, any liability that Lubbock National Bank owes to the plaintiff, as improbable as such liability is given the agreement that the plaintiff will not pursue claims against Lubbock National Bank. *Id.*

In short, the Agreement is unambiguous: the plaintiff cannot bring claims against Lubbock National Bank. And while the current complaint continues to list Lubbock National Bank as a defendant—in apparent violation of the Agreement—the Agreement also ensures that even if Lubbock National Bank were to become liable to the plaintiff, the plaintiff must completely indemnify Lubbock National Bank for that liability. As a result, there is no "reasonable basis for the district court to predict that the plaintiff might be able to recover against" Lubbock National Bank. *Smallwood*, 385 F.3d at 573.

The plaintiff argues that the purpose of the Agreement was merely to address Truist's argument that the plaintiff lacked privity with Truist Bank, as required to pursue claims under the Texas Uniform Commercial Code.  Dkt. Nos. 6 at 14; 7 at 97–99.  But the purpose of the Agreement, as characterized by the plaintiff, is irrelevant; the language of the Agreement itself is unambiguous, so "the [C]ourt must enforce the policy according to its plain meaning."  *Travelers Lloyds Ins.*, 602 F.3d at 681 (noting that the parties' disagreements regarding the meaning of a contract does not create ambiguity).

Because the plaintiff cannot recover from Lubbock National Bank, the Court determines that Lubbock National Bank is improperly joined and dismisses without prejudice the plaintiff's claims against Lubbock National Bank.  *Int'l Energy Ventures*, 818 F.3d at 209.  The Court therefore concludes that it has diversity jurisdiction because the plaintiff is alleged to be a citizen of Texas, Truist Bank is alleged to be a citizen of North Carolina, and the amount in controversy is alleged to exceed $75,000.  Dkt. No. 1 at 4.

### C.     The Court denies the plaintiff's motion for attorney's fees.

When a court orders remand, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The plaintiff's remand reply includes a motion for attorney's fees in the event that this Court orders remand.  *See* Dkt. No. 9 at 8–9.  Because the Court denies the motion to remand, the Court also denies the plaintiff's motion for attorney's fees (Dkt. No. 9).

### D.     The Court denies as moot Truist Bank's motion to strike.

Truist Bank moved to strike the plaintiff's response to Truist Bank's sur-reply (Dkt. No. 13).  Dkt. No. 15.  The plaintiff's response to Truist Bank's sur-reply primarily concerns the merits of the plaintiff's arguments regarding the Electronic Funds Transfer Act and also

serves as a reply brief to the plaintiff's motion for attorney's fees (which was initially raised in the plaintiff's reply brief to the motion to remand). *See* Dkt. No. 14. The Court does not reach the merits of the argument regarding the Electronic Funds Transfer Act (*see supra* Analysis § 3.A.iii), and because the Court denies the motion to remand, the Court does not reach the merits of the motion for attorney's fees either (*see supra* Analysis § 3.C). Thus, the Court need not consider the arguments raised in the plaintiff's sur-sur-reply. Where a court does not consider a filing in deciding whether to grant a motion, or where consideration of the filing would not affect the court's resolution of a motion, the court may deny as moot a motion to strike that filing. *See, e.g.*, *GW Equity, LLC v. Xcentric Ventures, LLC*, No. 3:07-CV-976, 2007 WL 9717549, at *2 (N.D. Tex. June 27, 2007); *Turner v. Baylor Richardson Med. Ctr.*, No. 3:03-CV-2139, 2005 WL 1313414, at *13 (N.D. Tex. May 31, 2005), *aff'd*, 476 F.3d 337 (5th Cir. 2007). Accordingly, the Court denies as moot Truist Bank's motion to strike (Dkt. No. 15).

**4.    Conclusion**

The Court denies the motion to remand (Dkt. No. 6), denies the motion for attorney's fees (Dkt. No. 9), and denies as moot the motion to strike (Dkt. No. 15). The Court dismisses without prejudice the plaintiff's claims against Lubbock National Bank. *See Int'l Energy Ventures*, 818 F.3d at 209.

So ordered on May 29, 2025.

                                                JAMES WESLEY HENDRIX
                                                UNITED STATES DISTRICT JUDGE